RIGHTER, Plaintiff-Appellant, v. SCHAEFER et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23115. Decided November 10, 1954.

Charles Bradler, Cleveland, for plaintiff-appellant.
Siegel & Siegel, Cleveland, for defendant-appellee.

**OPINION**

PER CURIAM:
In this appeal on questions of law from a judgment in the Municipal

Court of Cleveland in favor of plaintiff in the sum of $150.00, plaintiff assigns as error that the judgment is contrary to law and the evidence and that the trial court erred in overruling a motion for a new trial.

While the plaintiff recovered judgment in the sum stated, the complaint in substance is that the judgment in his favor is inadequate and that it should have been entered in the sum of $1080.00 the full amount for which the suit was brought for rental of two lift trucks hereafter described.

In his amended petition, the plaintiff alleges that on December 3, 1951, he entered into a contract in writing with defendants under the terms of which he rented to defendants one "Clark Yard Lift" (truck) 60, 6000 lbs. capacity at the rate of $3.50 per hour, with a 30-hour per week minimum, and one "Ross" Series 5 (truck) 5000 lb. capacity at the rate of $2.50 per hour with a 30-hour per week minimum. Plaintiff further alleges that

**"Said equipment was delivered to said partnership on said date and which said equipment was retained by defendants herein to January 12, 1952."** (emphasis ours)

The defendants by way of answer admit entering into the contract pleaded by plaintiff, but deny "that said equipment was furnished to the partnership on said date and deny that said equipment was retained by said defendants herein to January 12, 1952."

By way of affirmative defense, defendants allege in substance that at the time of entering into the agreement it was specifically agreed that plaintiff would furnish the equipment when and if needed by defendants and that "the minimum rental provided for in said agreement was to be effective only when and if the equipment was furnished to the job and used."

An examination of the evidence, as shown by the record, sustains the answer of the defendant because on trial it was not disputed that the equipment remained in the possession of the plaintiff during the entire time for which rental was claimed.

The evidence further shows that while the defendants had signed an order for use of the equipment both copies thereof were retained by plaintiff and it was explained by plaintiff in answer to a question that they kept the contract in blank as they would have to fill in the meter reading at the time the machine was taken out of their garage and also "that they might use it in our business for an hour or two and we didn't want to charge them for that time."

It appears further that the plaintiff did not, through its agent, sign the order until just before suit was commenced. While some of the evidence was in dispute, we cannot find that the judgment of the court in sustaining the position of defendants on these issues was contrary to the manifest weight of the evidence.

But it is claimed by the plaintiff that the contract provided for a minimum rental for a 30-hour week. Upon examination of the contract dated December 3, 1951 (plaintiff's exhibit 1), we find that it does not contain a provision requiring a minimum rental when not delivered and when not in use. Instead it contains blank spaces to fill in the date and time of "meter out" and "meter in" which together with all the evidence would indicate that the use of the equipment was to be paid for according to

408

meter readings with a minimum for time used, on a rental basis after delivery. This is further borne out by one of the witnesses for plaintiff, corrobative of testimony by defendant, that the defendants had placed an order with other parties for the purchase of similar equipment before the order for rental of this equipment was given, and sustains the testimony of defendants that rental charges were to commence only if and when the equipment was put in use by them. Therefore, while the issue was in dispute, we cannot say that the court erred in finding in favor of the defendants as there was credible evidence in this respect to sustain the judgment of the trial court.

One other question is presented by the record  The trial court allowed damages to plaintiff in the sum above stated of "$150.00." We find no evidence in the record to support such a judgment in favor of plaintiff. This question, however, is not before us as the defendant has not filed a cross-appeal or assigned it as error.

For all the reasons stated, we conclude that the judgment of the trial court must be affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.